```
             IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW JERSEY

DERRICK MENTER                  :     CIVIL ACTION
                                :     NO. 12-7526
         v.                     :
                                :     CRIMINAL ACTION
UNITED STATES OF AMERICA        :     NO. 11-159-1
```

MEMORANDUM

Bartle, J.                                           January 30, 2013

Petitioner Derrick Menter has pending before the court a motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence.

On July 13, 2011, Menter was convicted by a jury of conspiracy to commit the murder of the Chief Judge of the United States District Court for the District of New Jersey in violation of 18 U.S.C. § 1117.  He was sentenced on December 9, 2011 to a term of life imprisonment.  No direct appeal of his conviction and sentence was filed.

In his timely § 2255 motion, Menter argues that:  (1) his trial counsel was ineffective; (2) the Government knowingly used perjured testimony; (3) the Government knowingly used false evidence; and (4) the Government failed to disclose material evidence.

The petitioner first claims that counsel was ineffective because he failed "to seek disclosure of inducements made to government witness Robert Sacks that would have possibly impeached the Government's witness."  Robert Sacks was an inmate

at the Monmouth County Correctional Institution where Menter was also incarcerated. At the trial, Sacks testified about conversations he had with Menter and his co-defendant Ishmael Armah concerning the conspiracy to kill the judge who was scheduled to sentence Menter.

Contrary to what Menter asserts, his counsel vigorously cross-examined Sacks about his extensive criminal history and his hope to be rewarded with a sentence reduction in return for his testimony. Indeed, counsel specifically referenced Rule 35 of the Federal Rules of Criminal Procedure which, on motion of the Government, allows a court to reduce a person's sentence for his cooperation.

Under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), in order to satisfy ineffective assistance of counsel, Menter bears the burden of proving that: (1) counsel's performance was deficient; and (2) he suffered prejudice as a result. <u>Id.</u> The first prong requires that "[counsel's] performance was, under all the circumstances, unreasonable under prevailing professional norms." <u>United States v. Day</u>, 969 F.2d 39, 42 (3d Cir. 1992). Menter has not established that his counsel was deficient in any respect.

In support of his pending § 2255 motion, Menter has three additional claims which are in essence the same. He maintains that the Government used perjured testimony and false evidence because Sacks purportedly testified "that he would not be receiving any consideration for a sentence reduction in

-2-

exchange for his testimony," and failed to disclose evidence that defendant would be receiving favorable "inducements" for testifying.  Menter is simply wrong.  Sacks conceded that "part of the reason" he was cooperating and testifying for the Government was his expectation of a reduction in his prison term.  Moreover, the prosecutor in his opening statement was completely forthcoming with the jury in explaining that Sacks was a "fraudster, who badly wanted a break at sentencing."  He also elicited from Sacks on direct examination that he had already received a sentence reduction for his cooperation and hoped for a further reduction at the conclusion of this case.

       In sum, the § 2255 motion of Derrick Menter will be denied as without merit, and no certificate of appealability will issue.

```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY

DERRICK MENTER                :     CIVIL ACTION
                              :     NO. 12-7526
         v.                   :
                              :     CRIMINAL ACTION
UNITED STATES OF AMERICA      :     NO. 11-159-1
```

ORDER

AND NOW, this 30th day of January, 2013, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that:

(1)  the motion of Derrick Menter under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (Doc. #1) is DENIED; and

(2)  no certificate of appealability will issue.

                              BY THE COURT:


                              /s/ Harvey Bartle III
                                                       J.